# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREG JOHNSON,<br><br>              Plaintiff,<br><br>      v.<br><br>AVENAL STATE PRISON WARDEN,<br>   et. al.,<br><br>              Defendants.<br>_____/ | CV F   04 5845 AWI LJO P<br><br>ORDER  DISMISSING AMENDED<br>COMPLAINT WITH LEAVE TO AMEND<br>(Doc. 14.) |

    Greg Johnson ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983.  Plaintiff filed the instant action on June 15, 2004, naming Avenal State Prison ("ASP") Warden, Chief Medical Officer Davis, Law Librarian R. Bailey, Deputy Warden Kathy Mendoza-Powers, Mail Sgt. T. Johnson, Dr. Lenand, Dr. Church, Correctional Officers RovHouser, Buttle, Harmah, Grisham, Fernandez, Dolan, Zavalla and Vasquez, Sgt. Stewart, Lt. Molano and CCI Bryant as Defendants.

    On November 18, 2005, the Court dismissed the Complaint with leave to amend. Plaintiff filed an Amended Complaint on December 19, 2005, which is pending before the Court.

1

## A. SCREENING REQUIREMENT

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984), *citing* Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

## B. SUMMARY OF COMPLAINT

In his Amended Complaint, Plaintiff alleged a myriad of alleged wrong-doings by the ten named Defendants. The Amended Complaint is extremely difficult to read given that Plaintiff's handwriting is illegible and he has elected to write on single spaced lines creating twenty pages of narrative and legal authority recitation. Although Plaintiff has listed each named Defendant in order to meet the linkage requirement, he has not provided sufficient factual information to put the named Defendants on notice of his allegations. Further, Plaintiff does not state a claim for relief in numerous instances. The Court will address Plaintiff's allegations according to each Defendant below.

**C. CLAIMS FOR RELIEF**

*1. Linkage Requirement*

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by the plaintiff. See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). In order to state a claim for relief under section 1983, Plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of Plaintiff's federal rights.

As noted above, Plaintiff has attempted to link each of the named Defendants, however, in many cases, he merely states what the job title is of the person named. This is not sufficient to meet the linkage requirement. Plaintiff should refer again to the above requirement for clarification of what linking a defendant to facts means.

*1. Defendant Mendoza-Powers*

Plaintiff alleges that the Defendant "neglect[ed] to name corretional officers who chose to use cruel and usual punishment involving his confinement to ad-seg." Plaintiff then informs the court that the Defendant is "in charge" of ad-seg (Administrative Segregation).

Supervisory personnel are generally not liable under Section 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisory position, the causal link between him and the claimed constitutional violation must

be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), *cert. denied*, 442 U.S. 941 (1979). To state a claim for relief under Section 1983 based on a theory of supervisory liability, Plaintiff must allege some facts that would support a claim that supervisory Defendants either: personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989) (*internal citations omitted*); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). Although federal pleading standards are broad, some facts must be alleged to support claims under section 1983. See Leatherman v. Tarrant County Narcotics Unit, 507 U.S. 163, 168 (1993).

Plaintiff has not alleged any facts indicating that Defendant Mendoza personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" Hansen v. Black at 646. Thus, he fails to state a claim against her.

### 3. *Defendant R. Davis.*

Plaintiff complains that Defendant Chief Medical Officer failed to "recognize the amount of neglect in administrative appeals by me to act aduqately [sic] to my concerns within reasonable term."

There is no constitutional right to an inmate appeals process. The Ninth Circuit has held that Prisoners do not have a "separate constitutional entitlement to a specific prison grievance procedure." Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir.2003), *citing* Mann v. Adams, 855 F.2d 639, 640 (9th Cir.1988). The non-existence of, or the failure of prison officials to properly implement, an administrative appeals process within the prison system does not raise constitutional concerns. Mann v. Adams, 855 F.2d 639, 640 (9th Cir.1988). See also, Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir.1993); Flick v. Alba, 932 F.2d 728 (8th Cir.1991); Azeez v. DeRobertis, 568 F.Supp. 8, 10 (N.D.Ill.1982) ("[A prison] grievance procedure is a procedural

4

right only, it does not confer any substantive right upon the inmates. Hence, it does not give rise to a protected liberty interest requiring the procedural protections envisioned by the fourteenth amendment"). A failure to process a grievance does not state a constitutional violation. Buckley, supra. Accordingly, Plaintiff fails to state a claim against Defendant Davis.

### 4. Defendant R. Braley

Plaintiff states that Defendant Braley is a law library supervisory who continued to deny him physical access to the law library while he was in ad-seg. Plaintiff also complains that she obstructed "supplies by overcharging" him.

Inmates do not have the right to a law library or legal assistance. Lewis v. Casey, 518 U.S. 343, 351 (1996). Law libraries and legal assistance programs are only the means of ensuring access to the courts. Id. Because inmates do not have "an abstract, freestanding right to a law library or legal assistance, an inmate cannot establish relevant actual injury by establishing that his prison's law library or legal assistance program is subpar in some theoretical sense." Id.

Accordingly, Plaintiff fails to state a claim against Defendant Braley.

### 5. Defendant T. Johnson

Plaintiff states that he is the supervisor for mail and that he failed to make any effort to stop mail obstructions.

As Plaintiff names Defendant Johnson in his supervisory capacity, he must allege facts indicating that Defendant personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" Hansen v. Black at 646. Plaintiff fails to do so and fails to state a claim against Defendant Johnson.

### 6. Defendant Dr. Lenard

Plaintiff states that Defendant chose not to deal with him because Plaintiff volunteered to exit his cell to participate in his "counterfeit interviews" and that he took pleasure in the fact that Plaintiff was handcuffed. Plaintiff also state the Defendant made recommendations that Plaintiff be placed in ad-seg even though Plaintiff had made several requests about his housing

5

assignment. Plaintiff states he could have made recommendations to place him in a "better air circulating cell."

Plaintiff does not allege facts giving rise to any constitutional claim for relief against Defendant Lenard. To the extent Plaintiff is alleging that he should have been transferred to another location, he has no such right under the Constitution. See Meachum v. Fano, 427 U.S. 215, 224, 96 S.Ct. 2532 (1976) (prisoners have no right to incarceration at a particular institution.)

### 7. Dr. Church

Plaintiff alleges that Dr. Church ordered that his medications be crushed even though he made a request that they not be crushed. Plaintiff contends that the crushed "meds" caused him psychological malfunctions while he was being prosecuted by the Kings County Superior Court.

Plaintiff does not state facts giving rise to any constitutional claim for relief against the Defendant for having received crushed medications.

### 8. CCI Counselor S. Bryant

Plaintiff alleged that he denied him countless requests for Olsen reviews of his C-files and ignored California Regulations when processing his "points."

Plaintiff has no federal constitutional right to an Olsen review. Plaintiff's allegations regarding the calculation of "points" appear to be related to his classification status. However, prisoner have no constitutional right to a particular classification status. See Moody v. Daggett, 429 U.S. 78, 88, n.9 (1976).

### 9. Correctional Officer Routhouser

Plaintiff states that this Defendant denied him clothing, food, writing and reading material, soap, toilet paper, and showers. When this Defendant allowed him to shower, he was placed in hot showers so Plaintiff began to refuse to shower at all. Plaintiff states that this Defendant held his legal mail and delayed it.

To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain." Rhodes v. Chapman, 452 U.S. 337, 347 (1981). Although prison conditions may be restrictive and harsh, prison

officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety. Id.; Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th Cir. 1986); Hoptowit v. Ray, 682 F.2d 1237, 1246 (9th Cir. 1982). Where a prisoner alleges injuries stemming from unsafe conditions of confinement, prison officials may be held liable only if they acted with "deliberate indifference to a substantial risk of serious harm." Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).

"What is necessary to show sufficient harm for purposes of the Cruel and Unusual Punishment Clause depends upon the claim at issue . . . ." Hudson v. McMillian, 503 U.S. 1, 8 (1992). "The objective component of an Eighth Amendment claim is . . . contextual and responsive to contemporary standards of decency." Id. at 8 (quotations and citations omitted). "[E]xtreme deprivations are required to make out a[n] [Eighth Amendment] conditions-of-confinement claim." Id. at 9 (citation omitted). With respect to this type of claim, "[b]ecause routine discomfort is part of the penalty that criminal offenders pay for their offenses against society, only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation." Id. (quotations and citations omitted).

In this case, Plaintiff has alleged facts that might give rise to an Eighth Amendment claim. However, the information provided is vague as to when the purported violations occurred. Thus, the facts, as alleged, are not only insufficient to state a claim but do not provide notice to the Defendants as to what happened when. Accordingly, Plaintiff fails to state an Eighth Amendment claim for relief.

### 10. Defendant Stewart

Plaintiff states that this Defendant is responsible for supervising cell searches and signing the inventory sheets. Plaintiff states that the random cell searches are illegal and that many of his 602 appeals were destroyed.

As Plaintiff is naming Defendant Stewart in his supervisory capacity, he must allege facts indicating that Defendant personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented

a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" Hansen v. Black at 646. Plaintiff, however, fails to do so. In addition, the unauthorized taking or destruction of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available. Hudson v. Palmer, 468 U.S. 517, 533 (1984). Accordingly, Plaintiff fails to state a claim for relief against Defendant Stewart.

### *11. Defendant Fagunez*

Plaintiff states that this Defendant randomly searched his cell and planted a razor in his cell, took and confiscated his legal material, art work, supplies, etc. Plaintiff states that other officers participated in some form or fashion in retaliation for his filing grievances.

As stated above, the unauthorized taking or destruction of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available. Hudson v. Palmer, 468 U.S. 517, 533 (1984). Thus, Plaintiff does not state a claim for relief against Defendant Fagunez.

To the extent Plaintiff is making a claim of retaliation, he must allege facts that demonstrate a "but-for" causal nexus between the alleged retaliation and plaintiff's protected activity (i.e., filing a legal action). McDonald v. Hall, 610 F.2d 16, 18 (1st Cir. 1979); see Mt. Healthy City School Dist. Bd. of Educ. v. Doyle, 429 U.S. 274 (1977). The prisoner must submit evidence, either direct or circumstantial, to establish a link between the exercise of constitutional rights and the allegedly retaliatory action. Pratt, 65 F.3d at 806. Plaintiff's allegations that other officers participated in some way, is too vague to support a claim of retaliation, however.

### D. CONCLUSION

The Court finds that Plaintiff's complaint does not contain any claims upon which relief can be granted under § 1983 against any of the Defendants. The Court will provide Plaintiff with time to file a Second Amended Complaint curing the deficiencies identified above should he wish to do so.

Plaintiff must demonstrate in the Second Amended Complaint how the conditions complained of resulted in a deprivation of his constitutional rights. See, Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The Amended Complaint must specifically state how each Defendant is involved. Further, there can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423, U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Further, Plaintiff must ensure that his Complaint is short and provides a simple plain statement of facts. Plaintiff should not include legal analysis and citation to legal authority. At this juncture in the action, Plaintiff is only required to state a prima facie claim for relief. No legal authority is required.

Finally, Plaintiff is advised that Local Rule 15-220 requires that an Amended Complaint be complete in itself without reference to any prior pleading. As a general rule, an Amended Complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once an Amended Complaint is filed, the original Complaint no longer serves any function in the case. Therefore, in an Amended Complaint, as in an original Complaint, each claim and the involvement of each defendant must be sufficiently alleged. The Amended Complaint should be clearly and boldly titled "SECOND AMENDED COMPLAINT," reference the appropriate case number, and be an original signed under penalty of perjury.

**E. ORDER**

The Court HEREBY ORDERS:

1. The Clerk of Court is DIRECTED to SEND Plaintiff a blank civil rights complaint form;
2. The Amended Complaint is DISMISSED with leave to amend. WITHIN THIRTY (30) days from the date of service of this order, Plaintiff SHALL:
   a. File a Second Amended Complaint curing the deficiencies identified by the Court in this Order, or
   b. Notify the Court in writing that he does not wish to file a Second

1 | Amended Complaint and pursue the action but instead wishes to voluntary
2 | dismiss the case. <u>See</u>, Fed.R.Civ.P. 41(a)(1).
3 | Plaintiff is forewarned that his failure to comply with this Order may result in a
4 | Recommendation that the Complaint be dismissed pursuant to Local Rule 11-110.
5 | IT IS SO ORDERED.
6 | **Dated:    January 16, 2007**              /s/ Lawrence J. O'Neill
  | b9ed48                                      UNITED STATES MAGISTRATE JUDGE